***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted May 22, affirmed June 28, 2023

In the Matter of K. M. F. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

N. M. F.,
aka N. M. F.,
*Appellant.*

Lane County Circuit Court
21JU02162; A180068

Stephen W. Morgan, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Holly Telerant, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

AOYAGI, P. J.

Mother appeals a judgment terminating her parental rights to K, who is currently eight years old.[1] Mother raises nine assignments of error. In her first seven assignments, mother challenges each of seven different unfitness findings made by the juvenile court. The eighth assignment challenges the juvenile court's determination that termination of mother's parental rights is in K's best interests. The final assignment challenges the juvenile court's ultimate ruling terminating mother's parental rights. Our review is *de novo.* ORS 419A.200(6); ORS 19.415(3). Thus, we must determine for ourselves whether the evidence is clear and convincing that mother's parental rights should be terminated. *Dept. of Human Services v. T. L. M. H.*, 294 Or App 749, 750, 432 P3d 1186 (2018), *rev den*, 365 Or 556 (2019).

*Unfitness.* The juvenile court found that mother is "unfit by reason of conduct or condition seriously detrimental to the child" and that K's integration into mother's home "is improbable within a reasonable time due to conduct or conditions not likely to change." ORS 419B.504 (ground for termination). The court identified seven specific types of conduct or conditions that contribute to mother's unfitness. Having reviewed the record *de novo*, we find that mother is unfit to care for K and that K's integration into mother's home within a reasonable time is improbable.

*Best interests.* We are also persuaded that terminating mother's parental rights, and thus freeing K for adoption, is in K's best interests. Parental rights may be terminated only if it is found to be in the child's best interests. ORS 419B.500 ("The parental rights of the parents of a ward may be terminated *** only upon a petition filed *** for the purpose of freeing the ward for adoption if the court finds it is in the best interests of the ward ***."). We do not presume that adoption is the best outcome for every child who lacks a fit parent. *Dept. of Human Services v. T. M. D.*, 365 Or 143, 161, 442 P3d 1100 (2019). Rather, the court must consider the needs and circumstances of the individual child. *Id.* at 163, 166. Termination is appropriate

---

[1]  K's father is deceased.

only if the court concludes that "the benefits to the child of ending the child's legal relationship with a parent outweigh the risk of harm posed to the child by severing that legal relationship." *Dept. of Human Services v. L. M. B.*, 321 Or App 50, 53, 515 P3d 927 (2022). In this case, we are persuaded that adoption is a better option for K than permanent guardianship and that termination of mother's parental rights is in K's best interests.

*Termination.* Having found *de novo* that mother is unfit and that termination of her parental rights is in K's best interests, we affirm the judgment terminating mother's parental rights.

Affirmed.